**REVERE RACING ASSOCIATION,**
Inc., Plaintiff,

v.

**Thomas E. SCANLON, District Director of Internal Revenue, Defendant.**

Civ. A. 54–96.

United States District Court
D. Massachusetts.

Oct. 25, 1955.

Louis L. Lobel, Boston, Mass., for plaintiff.

Anthony Julian, U. S. Atty., Arthur I. Weinberg, Asst. U. S. Atty., Boston, Mass., for defendant.

2. 61 Stat. 152, 29 U.S.C.A. § 171 et seq.

**294**

SWEENEY, Chief Judge.

The plaintiff in the above entitled action is seeking a tax refund in the amount of Eleven Thousand Five Hundred Twenty-Four Dollars and Sixty-Two Cents ($11,524.62). All the facts have been stipulated.

### Findings of Fact

During the taxable year ending April 30, 1951, the plaintiff expended the sum of Twenty-Three Thousand One Hundred Forty-Eight Dollars and Fifty-One Cents ($23,148.51) to persuade the voters of Suffolk County to react favorably to the question whether pari-mutuel betting on licensed dog racing should be permitted. These expenditures took the form of office rentals, advertising, legal fees, and salaries. The plaintiff deducted these expenses in computing his income tax liability. The defendant Director of Internal Revenue disallowed the expenses in question and asserted a deficiency. This the plaintiff paid.

The questions presented are two—first whether the deduction is specifically disallowed under Treasury Regulation 111, Sec. 29.23(q)–1, and secondly, if not, does the deduction nevertheless qualify under Section 23(a) (1) (A) of the Internal Revenue Code of 1939, 26 U.S.C.A. § 23 (a) (1) (A).

The Treasury regulation specifically denies a deduction for sums spent on (1) lobbying, (2) the promotion or defeat of legislation, (3) the exploitation of propaganda, including non-trade advertising, and (4) contributions for campaign expenses. Clearly, the deduction in question does not run afoul of the latter two prohibitions. The question is raised, however, as to whether the plaintiff's activities constituted lobbying or the influencing of legislation.

While Section 39, Chapter 3, of the General Laws of the Commonwealth of Massachusetts defines lobbying as the appearance of a paid "legislative counsel" before a public hearing of the General Court, or the engagement of a paid "legislative agent" to promote or oppose legislation, we are not limited to this narrow interpretation or definition. In this case, the lobbying of course was not before a legislature, but nevertheless it was for the purpose of seeking the favor of the voters for dog track racing.

Even if the activities of the plaintiff did not come within Treasury Regulation 111, Sec. 29.23(q)–1, I think that they cannot properly be classified as proper business deductions under Section 23(a) (1) (A) of the Internal Revenue Code of 1939. The monies expended by this plaintiff were not an ordinary and necessary expense to business. It well might have kept its money and allowed the voters to decide on the racing question free of its influence. It must be remembered, as pointed out in New Colonial Ice Co. v. Helvering, 292 U.S. 435, 54 S.Ct. 788, 78 L.Ed. 1348, that whether there is a deduction and to what extent it should be allowed, depends entirely upon legislative grace, and only as there is clear provision therefor can any deduction be allowed. The words "ordinary" and "necessary" are to be given their reasonable and practical meaning. These expenses were not the expenses of doing business in any sense of the word, but were to put the voters in a frame of mind that would give them a possible opportunity to do business later.

### Conclusion of Law

From the foregoing, I conclude and rule that the deductions claimed here were not usual or necessary expenses of doing business. The case is to be dismissed.